UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                           Criminal No. 10-84 DSD/AJB

                        Plaintiff,

v.                                                      **REPORT AND RECOMMENDATION**

Alberto Guitierrez Vega,

                        Defendant.

       Thomas Hollenhorst, Esq., Assistant United States Attorney, for the plaintiff, United
           States of America;

       Joseph Kaminsky, Esq., for defendant Alberto Guitierrez Vega.

       This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on May 10, 2010, at the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101. Testimony was presented and exhibits were received at the hearing with regard to suppression of statements and search and seizure evidence.

       Based upon the file and documents contained therein, along with testimony and exhibits presented at hearing, the Magistrate Judge makes the following:

**Findings**

       **Search Warrant.** On March 15, 2010, Hennepin County District Court Judge Patricia L. Belois issued a warrant to search the location described as 3429 53rd Ave. N., unit #106, Brooklyn Center, Minnesota, including any garages and associated storage areas. (Hrg Ex. 1). The location is further identified in the supporting affidavit as the residence of Alberto Guitierrez Vega. The search warrant identified the objects of the warrant as controlled substances, including methamphetamine; documents and mail indicating occupancy; money, as well as finance and banking documents; items used in the manufacture, distribution and

consumption of drugs; records and keys for separate storage facilities; photos, records and electronic devices used in documenting the manufacture and distribution of drugs; and firearms. The warrant was issued on the basis of probable cause contained in the Affidavit of St. Louis Park Police Officer Terrance Reuvers, including confidential informant reports, surveillance information, and dog sniff evidence.

**Statements.** DEA Special Agent Terrance Olstad conducted a recorded interview of defendant Alberto Guitierrez Vega on March 16, 2010, at approximately 10:00 p.m. (Gov't Hrg. Ex. 3). The interview was undertaken as part of an investigation into alleged controlled substance violations by Mr. Vega. The defendant was under arrest and in police custody. The interview took place in a small room at the St. Louis Park Police Department. The room contained a table and several chairs and had a window to the interior office area. Special Agent Olstad and defendant Vega were present and seated at the table. In addition, a Spanish interpreter and another agent were seated at the table and yet another agent stood in the interview room.

Prior to questioning, the Spanish interpreter read the defendant his rights in Spanish from a form printed in Spanish. Defendant Alberto Vega signed both the Statement of Rights and the separate Waiver contained in the form document (Hrg. Ex. 2). The rights and waiver form was also executed by Special Agent Olstad and another agent as witnesses. The defendant was advised of his right to remain silent, his right to have an attorney present during questioning, and the right to have an attorney provided for him if he could not afford one. The defendant was not under the influence of alcohol or drugs, and he understood the purpose of the interview. No threats or promises were made to induce his cooperation. Mr. Vega did not assert

2

his right to remain silent before or during questioning. Moreover, he made no explicit request for the assistance of an attorney before or during the interview, and he did not assert a request that he be provided an attorney during questioning by way of questions to agents regarding payment for attorney services. The defendant appeared calm throughout the interview and his questions and answers to questions were responsive and gave no indication of mental incapacity. The entire interview was audio recorded.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Search Warrant.** Evidence seized pursuant to a warrant to search the location described as 3429 53rd Ave. N., unit #106, Brooklyn Center, Minnesota, including any garages associated storage areas (Hrg Ex. 1), was not unlawfully obtained in violation of the constitutional rights of defendant Alberto Guitierrez Vega. The residence search warrant was issued on May 15, 2010, and was based upon sufficient probable cause as stated in the Affidavit of St. Louis Park Police Officer Terrance Reuvers and as determined by Hennepin County District Court Judge Patricia Belois. The warrant properly and sufficiently identified the location of the search and the items to be seized. The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Interview Statements.** Subsequent to the evidentiary hearing in this matter the government advised the court and counsel that the defendant's recorded post-arrest statement (Gov't Hrg. Ex. 3) would not be offered in the prosecution's case in chief, and the motion to suppress the statements was therefore moot.[1] Defendant Alberto Guitierrez Vega acknowledges

---

[1] Letter dated May 14, 2010 [Docket No. 26].

receipt of the government's notice and has not asserted any specific suppression issues that might remain with regard to the statements, in light of the government's determination that such statements would not be offered at trial. Under these circumstances, defendant Alberto Guitierrez Vega's motion to suppress statements should be denied as moot.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Alberto Guitierrez Vega's Motion to Suppress Statements, Admissions and Answers be **denied as moot** [Docket No. 15]; and

2. Defendant Alberto Guitierrez Vega's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 16].

Dated:   June 1, 2010

          s/Arthur J. Boylan
          Arthur J. Boylan
          United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 11, 2010.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.